ADAMS & WESTLAKE MANUF'G CO. v. EXCELSIOR OIL-STOVE MANUF'G CO.[1]

(*Circuit Court, N. D. Illinois.* January 11, 1886.

1. PATENTS FOR INVENTIONS — MITCHELL PATENT, NO. 96,249, OF OCTOBER 26, 1869—KEROSENE STOVES.
This patent sustained, following *Adams & Westlake Manuf'g Co. v. Rathbone, ante,* 262, and defendants *held* to have infringed the first and second claims.

2. SAME—ADAMS PATENT, NO. 221,206, OF NOVEMBER 4, 1879—OIL-STOVES.
The third claim of this patent sustained, and found to have been infringed by defendants.

3. SAME—ADAMS PATENT, NO. 230,850, OF AUGUST 10, 1880—OIL-STOVES.
Defendant having used the same device as shown in patent No. 85,373, of December 20, 1868, to A. H. Emery, they do not infringe the second claim of the Adams patent.

In Equity.

*Coburn & Thacher,* for complainant.

*Offield, Towle & Phelps* and *M. D. Leggett,* for defendants.

BLODGETT, J. The plaintiff, by this bill, seeks an accounting and injunction for an alleged infringement of patent No. 96,249, granted to R. B. Mitchell, October 26, 1869, for "an improvement in kerosene stoves," and patent No. 221,206, granted November 4, 1879, and patent No. 230,850, granted August 10, 1880, both to J. McGregor Adams for improvements in oil-stoves.

What I have said in the preceding case of *Complainant* v. *John F. Rathbone,* in regard to the first-named patent, makes it unnecessary to further discuss that patent in connection with this case, as the infringement is clearly shown in this case, both as to the first and second claims of that patent, under the view which I have taken of that patent in the former case, as defendants in this case use, not only the upper and lower plates and chimneys covered by the first claim, but they also use the projections cast upon the upper plate for the purpose of supporting the cooking utensil above the tops of the chimneys.

As to the last-named patents, infringement is charged as to the third claim of patent 221,206, and the second claim of patent No. 230,850. Patent No. 221,206 has reference to the oil-pot or oil reservoir of a kerosene stove, and shows what is called a "Supplementary Plate" extending over the upper surface of the oil reservoir, and resting upon a bead or ridge raised upon the upper surface of the upper plate of the oil-pot, held in place by a thumb-screw which fastens this plate firmly to the upper plate of the reservoir, which supplementary or auxiliary plate carries the wick tubes. The language of the third claim is as follows:

"An oil reservoir, A, provided with a projecting top, in combination with a loose supplementary plate, D, to which the wick-tubes are attached, and a

[1] Reported by Charles C. Linthicum, Esq., of the Chicago bar.

thumb-screw, D′, by which the plate is secured to the top of the oil reservoir, substantially as described."

Patent No. 230,259 is for a safety device, in connection with the oil-pot, by constructing the filling tube with wire-gauze or perforated sheet-metal, so that if the oil or vapors inside of the filling tube takes fire, it will not communicate the fire to the body of the oil in the reservoir, and this filling tube is also provided with a tubular stopper, B′, across which is a diaphragm of perforated metal or wire-gauze, which would allow the escape of the volatile gases from the filling tube; the language of the second claim being:

"A tubular stopper, B′, fitted to the filling apperture, and provided with a perforated diaphragm, N, in combination with the perforated safety tube, *h*, substantially as and for the purposes specified."

An inspection of the defendant's stove, as shown in the proof, shows an auxiliary or supplementary plate over the oil reservoir in connection with each wick-tube; these plates performing for each wick-tube, and the reservoir over which the several wick-tubes are placed, precisely the same office as is performed by the larger plates, D, in the complainant's patent; and I have no difficulty in concluding, from an inspection alone, that the defendant's stove infringes this claim of the Adams patent of 1879; and, although the novelty of this patent is questioned in the pleadings, and some proof of anticipatory devices is put in the record, I do not find anything which anticipates or should defeat the Adams patent for this supplementary plate, D. I therefore find that the defendant infringes the third claim of the patent of 1879.

But the proof shows in a patent, granted December 20, 1868, to A. H. Emery, a stopper to a filling tube, with, so far as I am able to see, the same device used by defendants; that is, a stopper with one or more gauze diaphragms. I therefore find that the device covered by the second claim of the Adams patent of 1880 is anticipated by the Emery patent, and that the Adams patent of 1880 is void for want of novelty as to the second claim.

The finding will therefore be that the defendant infringes the first and second claim of the Mitchell patent of 1869, and the third claim of the Adams patent of 1879, but does not infringe the Adams patent of 1880.